FILED
3/9/2020
Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>CALVIN STURDIVANT CRAVER,<br><br>Defendant. | CR-15-11-H-CCL-03<br><br>ORDER |

On January 27, 2020, this Court received a letter from Defendant Calvin Craver asking that the Court provide him with "full discovery." Mr. Craver asked that the Court consult with his former appointed counsel, Timothy Bechtold, concerning the motion. Mr. Craver claims that he needs the requested discovery to counteract lies being spread by one of his co-defendants, who was apparently housed in the same prison facility as Mr. Craver until Mr. Craver's recent transfer. Mr. Craver asked the Court to wait until his expected transfer to another facility to respond to his motion. Given Mr. Craver's stated concerns about his personal safety, the Court directed the clerk to file the letter under seal. The Court has not ordered either Mr. Craver's former counsel or the United States to weigh in on the *pro se* letter, which the Court construes as a discovery motion. Having recently learned that Mr. Craver has been transferred, the Court is prepared to rule.

## BACKGROUND

Mr. Craver was one of five defendants charged in an eleven count indictment filed on August 21, 2015. (Doc. 2). Count I of the indictment charged all five defendants with conspiracy to distribute or to possess with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a substance containing a detectable amount of methamphetamine. Count VI of the indictment charged Mr. Craver with knowingly possessing with intent to distribute 50 grams or more of actual methamphetamine. Mr. Craver faced a mandatory minimum sentence of ten years and a potential maximum sentence of life in prison, followed by at least five years of supervised release, as to each count charged against him.

Mr. Craver appeared before Magistrate Judge Lynch with his appointed counsel and entered a not guilty plea on September 14, 2015. (Doc. 41). After a plea agreement between the United States and Mr. Craver was filed under seal (Doc. 64)[1], the Court set a change of plea hearing for October 9, 2015. (Doc. 66). Defendant entered his guilty plea on October 9, 2015, and his sentencing was initially set for January 7, 2016. (Doc. 71). By March 1, 2016, three of Mr.

---

[1] It is the undersigned's practice to file plea agreements under seal until sentencing. Once the Court accepts the plea agreement at sentencing, it is unsealed.

Craver's co-defendants had also entered guilty pleas. The Court set the sentencing hearing for those four defendants for June 2, 2016. (Doc. 140). The sentencing was conducted, as scheduled, on June 2, 2016. The hearing started shortly after 10:00 a.m. and lasted over two hours.

During the hearing, Mr. Craver withdrew his first two objections to the pre-sentence investigation report (PSR) and the Court sustained his third objection, finding that he had acted as a minor participant in the conspiracy. His revised offense level of 25 combined with the criminal history category of VI resulted in a guideline range of 110 to 137 months. The Court sentenced Mr. Craver to 120 months, the mandatory minimum sentence.[2] The Court accepted the final plea agreement (Doc. 187), and an unsealed copy was filed in the public record. Having accepted the plea agreement, the Court granted the government's motion to dismiss Count VI of the Indictment as to Mr. Craver. This dismissal did not result in a change to either the guideline range or the mandatory minimum sentence. The Court sentenced Defendant to the mandatory minimum because it determined, based on all of the information available, that such a sentence adequately reflected the seriousness of Mr. Craver's offense.

---

[2] Although Mr. Craver did not appeal his sentence, one of the other defendants sentenced on June 2, 2016 filed a notice of appeal and a transcript of the sentencing hearing was filed under seal. (Doc. 258). The Court has reviewed that transcript in preparing this order.

## DISCUSSION OF PENDING MOTION

Defendant seeks access to information which he believes will establish that his sentence was not based on his having cooperated with the government. It is not clear whether he is seeking information provided by the United States to his attorney in discovery or information filed in the record. The Court does not have access to the discovery provided by the United States to defense counsel and could not order its production at this point, given that Mr. Craver's criminal case is closed.

The Court has reviewed the entire record in this case and determined that the only information in the record that addresses the issue of Mr. Craver's cooperation with the government is found in his pre-sentence investigation report, the final plea agreement, the Court's statement of reasons for giving the sentence, and the transcript of the sentencing hearing. The pre-sentence investigation report, the transcript of the sentencing hearing, and the Court's statement of reasons are not available in the public record. Sealing these records is intended to protect defendants and third parties and the Court sees no reason to unseal those documents in this case.

Mr. Craver's final plea agreement is part of the public record and could be provided to Mr. Craver, but for the fact that he is incarcerated. The undersigned's

4

practice is to refrain from sending docket sheets and other public filings to incarcerated prisoners. This practice is based on concerns relating to the very issue raised by Mr. Craver – such documents might fall into the hands of individuals other than Mr. Craver who could use the information to his detriment or to the detriment of others.

**CONCLUSION**

The Court defers to the expertise of Bureau of Prisons staff to determine what documents in the public record should be made available to any incarcerated individual. It appears that the Bureau of Prisons is aware of Mr. Craver's concerns about his safety, as it has transferred Mr. Craver to USP Pollock. Accordingly,

IT IS HEREBY ORDERED that Defendant's *pro se* motion for discovery (Doc. 345) is DENIED.

The Clerk is directed to notify Defendant's former counsel and counsel for the United States of entry of this order and to send a copy to Mr. Craver at USP Pollock.

Done and dated this 9th day of March, 2020.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE